IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES MARTIN et al.,

        Plaintiffs,

vs.                                      CIVIL NO.  00-1379 BB/WWD

CITY OF ALBUQUERQUE et al.,

        Defendants.

## REPORT AND RECOMMENDATION
## FOR APPROVAL OF SETTLEMENT

THIS MATTER is before the Court on Plaintiff William Fossett's Motion to Approve Settlement for Minor [Doc. 47]. The undersigned Magistrate Judge conducted a Fed. R. Civ. P. 16 settlement conference on September 20, 2001 and is familiar with the strengths and weaknesses of the case, the parties' legal positions, and of the disputed facts. As a result of the parties' negotiations at the Rule 16 conference, the parties compromised their positions and reached a settlement, subject to the Court's approval.

A portion of the parties' settlement includes a payment of $5,000 for the benefit of Dante Fossett, a minor. The minor's claim arose from Defendants' unlawful entry into the Fossett home and the Plaintiffs' contention that an Albuquerque police officer momentarily pointed a firearm at the child while attempting to investigate an assault and battery claim. This contention is disputed by Defendants, who admit that a weapon was unholstered, but deny pointing the weapon at the child. Defendants contend that the victim of the domestic assault told police the assailant was at the Fossett residence and was likely armed. Thus, when the officer entered the Fossett residence, the officer had his firearm unholstered.

It is undisputed that Dante Fossett suffered no physical injury as a result of any of the officer's acts, and Dante Fossett is not under a doctor's care for any emotional trauma. Further, the child incurred no medical expenses as a result of the incident.

The parties agree that an amount of $5,000 is a fair and reasonable settlement to compensate the child and to resolve any and all of his disputed claims.

Based on the disputed evidence concerning the surrounding facts, and in consideration of the costs and risks of litigation, the $5,000 settlement for Dante Fossett is fair and reasonable.

Dante Fossett's guardian and grandparent, William Fossett, has been advised by her attorneys that the $5,000 settlement is to be used for Dante Fossett's benefit exclusively, and that this sum of money is his sole and separate property, and thus, must be used solely for his benefit, health, education or welfare. It may be saved for the child's future educational needs or expended, as need be, for his sole benefit.

So as to conserve funds for the minor child, the Magistrate Judge recommends that this settlement be approved without the need for a separate evidentiary hearing or the appointment of a guardian ad litem. By minimizing the remaining costs and fees that the parties will incur, a greater portion of the settlement is available for the Plaintiffs.[1]

The parties have been apprised of the Magistrate Judge's report and recommendation, and have no objection to the Court's approval of the settlement in the manner and method proposed.

_____
Lorenzo F. Garcia
United States Magistrate Judge

---

[1] Additional settlement amounts will be paid to the remaining Plaintiffs. However, as they are under no legal disability, Court approval of that portion of the settlement is not necessary.